IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRIAN SHREEVES :
:
v. : CIVIL NO. CCB-18-2695
: Criminal No. CCB-13-0682
UNITED STATES OF AMERICA :

...oOo...

## MEMORANDUM

Now pending is a motion filed by Brian Shreeves under 28 U.S.C. § 2255 seeking to vacate his conviction and sentence for conspiracy to distribute and possess with the intent to distribute 100 kilograms or more of marijuana. He alleges ineffective assistance of counsel. The government has filed a response and Shreeves has filed a reply. For the reasons that follow, Shreeves's motion will be denied.

To prevail on a claim of ineffective assistance of counsel, Shreeves must show both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687–91 (1984). He has shown neither.

First, there would have been no basis to object that Shreeves was charged with conspiracy but had no co-defendants. The charge and the instructions were proper, and the evidence of a conspiracy was extremely strong.

Second, Shreeves claims that his signature was forged on his advice of rights form. This issue was raised before trial, and Shreeves testified to it at trial. He has not shown that a handwriting expert would have supported his claim.

Third, Shreeves identifies no basis on which his counsel successfully could have objected to the admission of a package of marijuana that was seized in connection with the conspiracy and testified to by one of the government's witnesses, a co-conspirator. There is no requirement that the marijuana had to be presented to the grand jury.

Fourth, Shreeves's claim that he was not read his *Miranda* rights and his attorney was not allowed to be present was thoroughly litigated at trial and addressed on appeal. *United States v. Shreeves*, No. 16-

4671, 698 F. App'x. 131 (4th Cir. 2017) (per curiam), ECF 183. Further, the declaration of his immigration attorney submitted with his reply is not inconsistent with the government agent's testimony that *Miranda* rights were given to Shreeves in the vehicle in the sally port area, not in the USCIS interview room. ECF No. 113 at 50–51; ECF No. 199-1, Decl. of Steven Kreiss at 3.

Finally, the evidence in this case was very strong, including co-conspirator testimony and evidence of the seizure of large amounts of cash, financial records, and inculpatory text messages. For that additional reason, no prejudice has been shown. *See Gardner v. Ozmint*, 511 F.3d 420, 431 (4th Cir. 2007).

Accordingly, the motion will be denied and no certificate of appealability will be issued. A separate Order follows.

11/21/19
Date

/s/
Catherine C. Blake
United States District Judge